UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL ROYALL,<br><br>                                 Plaintiff,<br><br>v.<br><br>THE SHERWIN-WILLIAMS COMPANY,<br><br>                                Defendant. | Case No.: 3:25-cv-2379-RSH-DEB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 3] |

Pending before the Court is a motion to dismiss filed by defendant The Sherwin-Williams Co. ("Sherwin-Williams" or "Defendant"). ECF No. 3. Plaintiff Gabriell Royall ("Royall" or "Plaintiff") opposes. ECF No. 7. As set forth below, the Court grants the motion.

**I.    BACKGROUND**

On August 18, 2025, Plaintiff filed this lawsuit pro se in California Superior Court for the County of San Diego. ECF No. 1-3 at 5–19 ("Compl.").

The Complaint alleges as follows. At an unspecified time, Plaintiff had a communication with a representative of Defendant in connection with Defendant's efforts to collect a debt owed by Plaintiff. Compl. ¶¶ 3, 14, 19. During "what should have ben a routine conversation about a modest balance," Defendant's representative told Plaintiff

1   what Plaintiff refers to as "the carbon monoxide story." *Id.* at intro., ¶ 3. Although Plaintiff
2   does not retell the "carbon monoxide story," the story "inolv[ed] a man lured onto a boat,
3   nearly killed." *Id.* Plaintiff alleges that this story was intended as a "lesson" and was
4   received by Plaintiff as a "threat." *Id.* ¶ 4. As a result of the story, "Plaintiff experienced
5   shock, fear, and lingering emotional impact." *Id.* ¶ 5. The Complaint alleges that
6   "[c]ompounding this, defense counsel's surname 'Story' has caused ongoing confusion in
7   mailings and service—leaving Plaintiff unable to distinguish between references to a death-
8   threat story and procedural filings from counsel Story." *Id.* ¶ 6.

9   Plaintiff brings claims for (1) abuse of process, (2) negligence, and (3) intentional
10  infliction of emotional distress. *Id.* ¶¶ 8–21. He seeks damages in the amount of
11  $5,500,000, plus declaratory and injunctive relief.

12  On September 12, 2025, Defendant removed the action to this Court based on
13  diversity of citizenship. ECF No. 1.

14  On September 16, 2025, Defendant filed a motion to dismiss. ECF No. 3. Plaintiff
15  has filed an opposition. ECF No. 7.

16  On September 26, 2025, the case was transferred to the undersigned.

17  **II.   LEGAL STANDARD**

18  A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the
19  sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6)
20  is read in conjunction with Federal Rule of Civil Procedure 8(a), which requires only "a
21  short and plain statement of the claim showing that pleader is entitled to relief[.]" Fed. R.
22  Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum,
23  a complaint must allege enough facts to provide "fair notice" of both the particular claims
24  being asserted and "the grounds upon which [those claims] rests." *Bell Atlantic Corp. v.*
25  *Twombly*, 550 U.S. 544, 555 & n.3 (2007).

26  In deciding a motion to dismiss, all material factual allegations of the complaint are
27  accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v.*
28  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A court, however, need not accept

all conclusory allegations as true. Rather it must "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff." *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

A complaint by a plaintiff proceeding pro se is "held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Pro se pleadings are construed liberally. *Id.* Nonetheless, courts may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). A pro se litigant's pleadings still must meet some minimum threshold in providing the defendants with notice of what it is that they allegedly did wrong. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995).

## III. ANALYSIS

Defendant argues that this lawsuit should be dismissed because it is a duplicative pleading.

This lawsuit is related to a prior action filed by Plaintiff against Defendant in Superior Court on July 9, 2025, and removed to this Court on August 4, 2025. *See Royall v. The Sherwin-Williams Co.*, Case No. 3:25-cv-1994-RSH-DEB (S.D. Cal.) ("*Royall I*"). That is, Plaintiff filed the instant action in Superior Court two weeks after Defendant removed *Royal I* to federal court.

The complaint in *Royall I* is also based on the "carbon monoxide story" allegedly told to Plaintiff by a representative of Defendant. The complaint in *Royall I* alleges that Plaintiff is a long-time customer of Defendant. *Royall I*, ECF No. 1-3 ¶ 1. "In or around the pandemic period (2020-2022)," Plaintiff was invited to a lunch meeting by a representative of Defendant. *Id.* ¶ 2. During this meeting, the representative informed

Plaintiff that he owed Defendant "a small outstanding balance." *Id.* During the conversation, "the representative recounted a disturbing story involving carbon monoxide poisoning on a boat—a story wherein a man nearly died due to financial troubles and unpaid debt." *Id.* ¶ 3. "The story's timing, tone, and content invoked fear and confusion rather than resolution or support, leaving a lasting emotional impact on Plaintiff." *Id.* ¶ 4. The story caused Plaintiff to suffer "prolonged emotional distress, including paranoia, anxiety, and physical symptoms requiring medical attention." *Id.* ¶ 5. Plaintiff continues to feel "emotional fallout" from being told the story on that occasion. *Id.* ¶ 7. In *Royall I*, Plaintiff brings claims for (1) intentional infliction of emotional distress, and (2) negligence.

"Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 886 (9th Cir. 2022). To determine when improper claim-splitting is present, courts "borrow from the test for claim preclusion." *Id.* Under the California claim preclusion principles that apply here, the bar of claim splitting applies if (1) the second suit involves identical claims or issues as the first, and (2) the parties in the two proceedings are the same or in privity. *See Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 797 (2010). California law "precludes piecemeal litigation by splitting a single cause of action or relitigation of the same cause of action on a different legal theory or for different relief." *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 897 (2002) (internal quotation marks and citation omitted).

To determine whether the first element is met, California uses the "primary right theory." *Mycogen*, 28 Cal. 4th at 904. "[U]nder the primary rights theory, the determinative factor is the harm suffered." *Boeken*, 48 Cal. 4th at 798. "When two actions involving the same parties seek compensation for the same harm, they generally involve the same primary right." *Id.* Here, both the instant action and *Royall I* seek to redress identical harm: the distress and harm that Plaintiff suffered resulting from hearing the "carbon monoxide story." Indeed, both the instant action and *Royall I* include causes of action for intentional

infliction of emotional distress and for negligence, while this action also includes a claim for abuse of process to vindicate the same harm. The Court concludes that the two actions involve the same primary right, satisfying the first element of the analysis. *See Pollok v. Vanguard Fin. Trust Co.*, 803 F. App'x 67, 69 (9th Cir. 2020).

Plaintiff argues that this case is not duplicative of *Royal I*, because this action "addresses distinct wrongful conduct and harms arising from Defendant's separate litigation tactics." ECF No. 7 at 2. However, the implausible and indeed frivolous allegations regarding Defendant's litigation tactics—that the surname of Defendant's counsel ("Story") caused confusion to Plaintiff and exacerbated the harm of the "carbon monoxide story" when Plaintiff viewed documents filed by Mr. or Ms. Story, Compl. ¶¶ 6, 10, 15—does nothing to change the fact that both lawsuits seek redress for the harm he suffered as a result of hearing the story. *See San Diego Police Officers' Ass'n v. San Diego City Employees' Ret. Sys.*, 568 F.3d 725, 734 (9th Cir. 2009) ("What is critical to the [to the primary right] analysis is the harm suffered; that the same facts are involved in both suits is not conclusive.") (citation omitted).

The Parties in this case are identical to those in *Royall I*, and thus the second element is met as well.

Accordingly, this action represents an improper splitting of Plaintiff's claims in *Royall I*, and this action is subject to dismissal as duplicative.[1] Given the basis for dismissal, the Court declines to grant leave to amend. *See, e.g.*, *Indigo Grp. USA, Inc. v. Ralph Lauren Corp.*, 690 F. App'x 945, 946 (9th Cir. 2017) (affirming dismissal under rule against claim splitting without leave to amend); *Unicolors, Inc. v. Allen Yang*, No. CV-17-4473-MWF (JPRx), 2017 WL 10436063, at *2 (C.D. Cal. Oct. 3, 2017) (dismissing on claim-splitting grounds without leave to amend).

//

---

[1] In light of this disposition, the Court declines to reach Defendant's remaining arguments for dismissal.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss [ECF No. 3] is **GRANTED**. The Complaint is **DISMISSED** without leave to amend. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  October 3, 2025

_Robert S. Huie_
_____
Hon. Robert S. Huie
United States District Judge